# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| COMMAND CONSULTING GROUP, LLC, | : : : | |
| Plaintiff, | : : | Civil Action No.:   09-0219 (RMU) |
| v. | : : | Re Document No.:   15 |
| NEURALIQ, INC., | : : | |
| Defendant. | : | |

## MEMORANDUM OPINION

### GRANTING THE PLAINTIFF'S MOTION TO DISMISS COUNTS III AND IV OF THE DEFENDANT'S AMENDED COUNTERCLAIMS

### I.  INTRODUCTION

This matter is before the court on the plaintiff's motion to dismiss Count III ("Interference with Prospective Business Advantage") and Count IV ("Breach of Fiduciary Duty") of the defendant's Amended Counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6).  Because neither count states a claim for which relief can be granted, the court grants the plaintiff's motion to dismiss.

### II.  FACTUAL & PROCEDURAL BACKGROUND

In December 2007, the plaintiff, a consulting firm specializing in government contracts, entered into a consulting services agreement with the defendant, a software technology firm. Pl.'s Compl. ¶¶ 6-8; Def.'s Am. Countercl. ¶¶ 1-2.  Under the terms of the agreement, the plaintiff agreed to assist the defendant in its efforts to develop business opportunities within the federal government's defense procurement process.  Pl.'s Compl. ¶ 7; Def.'s Am. Countercl. ¶ 1.

In return, the defendant agreed to pay the plaintiff a monthly consulting fee.  Pl.'s Compl. ¶ 7; Def.'s Am. Countercl. ¶ 2.

On February 4, 2009, the plaintiff commenced this action against the defendant, alleging that the defendant failed to pay tens of thousands of dollars in consulting fees to the plaintiff as required by the consulting services agreement.  Pl.'s Mot. at 2.  On March 5, 2009, the defendant submitted its initial Counterclaims, in which it asserted claims for breach of contract, interference with prospective business advantage and breach of fiduciary duty.  *See generally* Def.'s Countercl.  On April 16, 2009, after the plaintiff moved to dismiss the initial Counterclaims, the defendant filed Amended Counterclaims, in which it supplemented the factual allegations regarding the three claims lodged in its initial Counterclaims and asserted an additional claim for breach of the implied covenant of good faith and fair dealing.  *See* Def.'s Am. Countercl. ¶¶ 6-22; Pl.'s Mot. at 2.  More specifically, in its Amended Counterclaims, the defendant alleges that the plaintiff failed to provide the consulting services required under the agreement and used confidential information belonging to the defendant to interfere with the defendant's business operations.  *Id*. ¶¶ 6-8, 18-20.  The plaintiff now moves to dismiss Counts III and IV of the Amended Counterclaims, which assert claims for interference with a prospective business advantage and breach of fiduciary duty, under Federal Rule of Civil Procedure 12(b)(6).  Pl.'s Mot. at 5-9.

### III.  ANALYSIS

#### A.  Legal Standard for a Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a claim.  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  The complaint need only set forth a short and plain

2

statement of the claim, giving the party served fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing FED. R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47-48 (internal quotation marks omitted). It is not necessary for the claimant to plead all elements of his prima facie case in the pleading, *Swierkiewicz v. Sonoma N.A.*, 534 U.S. 506, 511-14 (2002), or "plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

Yet, the claimant must allege "any set of facts consistent with the allegations." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007) (abrogating the oft-quoted language from *Conley*, 355 U.S. at 45-56, instructing courts not to dismiss for failure to state a claim unless it appears beyond doubt that "no set of facts in support of his claim [] would entitle him to relief"); *Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) (affirming that "a complaint needs *some* information about the circumstances giving rise to the claims"). While these facts must "possess enough heft to 'sho[w] that the pleader is entitled to relief,'" a pleading "does not need detailed factual allegations." *Twombly*, 127 S. Ct. at 1964, 1966. In resolving a Rule 12(b)(6) motion, the court must treat the pleading's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences therefrom in the pleader's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need

not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren v. District of Columbia*, 353 F.3d 36, 40 (D.C. Cir. 2004); *Browning*, 292 F.3d at 242.

### B. Interference with a Prospective Business Advantage

### 1. Legal Standard for Interference with a Prospective Business Advantage

To survive a motion to dismiss on a claim for interference with a prospective business advantage under D.C. law,[1] the claimant must plead "(1) the existence of a valid business relationship or expectancy, (2) knowledge of the relationship or expectancy on the part of the interferer, (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy, and (4) resultant damages." *Browning*, 292 F.3d at 242 (quoting *Bennett Enters. v. Domino's Pizza, Inc.*, 45 F.3d 493, 499 (D.C. Cir. 1995)). Valid business expectancies may include lost future contracts and lost opportunities to obtain customers. *See Nat'l R.R. Passenger Corp. v. Veolia Transp. Servs., Inc.*, 592 F. Supp. 2d 86, 98 (D.D.C. 2009) (citing *Carr v. Brown*, 395 A.2d 79, 84 (D.C. 1978)); *Siegel v. Ridgewells, Inc.*, 511 F. Supp. 2d 188, 195 (D.D.C. 2007). A business expectancy, however, must be "commercially reasonable to anticipate" in order to satisfy the first element of the claim. *Browning*, 292 F.3d at 242; *see also Carr*, 395 A.2d at 84 (observing that "business expectancies, not grounded on present contractual relationships but which are commercially reasonable to anticipate, are considered to be property

---

[1] As noted by the plaintiff, the defendant's Amended Counterclaims fail to specify the location where the allegedly tortious acts occurred, providing little insight into which substantive law should apply to the tort counterclaims. *See* Pl.'s Mot. at 5 n.2; *see generally* Def.'s Am. Countercl. Because, however, the underlying agreement contemplates performance in the District of Columbia, *see* Pl.'s Compl., Ex. 1 § 1(a), and because the defendant does not dispute the plaintiff's reliance on D.C. law, *see generally* Def.'s Opp'n, the court will apply D.C. law to the claims for intentional interference and breach of fiduciary duty, *see Ideal Elec. Sec. Co. v. Int'l Fidelity Ins. Co.*, 129 F.3d 143, 148 (D.C. Cir. 1997) (applying D.C. law to state-law claims absent argument to the contrary by the parties because on balance the District of Columbia had the most substantial interest in the dispute).

4

and therefore protected from unjustified interference"). Furthermore, the claimant must make a "strong showing of intent" to disrupt a business relationship or expectancy to establish a claim for interference. *Bennett Enters.*, 45 F.3d at 499 (noting that "a general intent to interfere or knowledge that conduct will injure the plaintiff's business dealings is insufficient to impose liability").

### 2. The Amended Counterclaims Fail to State a Claim For Interference with a Prospective Business Advantage

The plaintiff contends that the defendant's Amended Counterclaims fail to state a claim for intentional interference with a prospective business advantage because they do not specify any facts on which the claim is premised. Pl.'s Mot. at 5-9. The plaintiff asserts that the defendant fails to identify a single individual or entity with whom it had a valid business relationship or expectancy with which the plaintiff interfered. *Id*. at 6-7. In addition, the plaintiff asserts that the defendant fails to allege that the plaintiff knew of or intentionally interfered with any alleged expectancies or relationships. *Id*. at 7-8. Finally, the plaintiff contends that the defendant fails to allege facts supporting its allegation that it has been damaged as a result of the plaintiff's allegedly tortious conduct. *Id*. at 9. The defendant responds that its concise allegations regarding the plaintiff's interference satisfy the notice pleading requirements of Federal Rule of Civil Procedure 8(a). Def.'s Opp'n at 4-5 (quoting Def.'s Am. Countercl. ¶¶ 19-20).

As set forth in its Amended Counterclaims, the defendant's interference claim rests on the following allegations: that the plaintiff used confidential information belonging to the defendant to interfere with the defendant's "efforts to identify and secure investors, financing, and business opportunities," Def.'s Am. Countercl. ¶ 19; and that the plaintiff "interfered with the relationship between [the defendant] and a certain key shareholder in an improper and

5

unlawful attempt to gain control of [the defendant]," *id*. ¶ 20. With respect to the allegations in paragraph 19, the court notes that where, as here, an intentional interference claim is premised on alleged interference with a prospective business advantage, the claimant's failure to plead the existence of a valid business expectancy requires dismissal of the claim. *See Williams v. Fed. Nat'l Mortgage Ass'n*, 2006 WL 1774252, at *8 (D.D.C. June 26, 2006) (observing that allegations in which the plaintiff failed to specifically name the third parties with whom she had a business relationship or expectancy could not support a claim of interference); *Kwang Dong Pharm. Co. v. Han*, 205 F. Supp. 2d 489, 496-97 (D. Md. 2002) (dismissing an intentional interference claim under D.C. law because the plaintiff "has not pointed to any specific contractual relations that [the defendant] allegedly interfered with"); *Sheppard v. Dickstein, Shapiro, Morin & Oshinsky*, 59 F. Supp. 2d 27, 34-35 (D.D.C. 1999) (dismissing an intentional interference claim because the plaintiff "failed to identify any facts demonstrating any future business relations or 'expectancies' that defendants affected" and presented no evidence of any specific, future relationship interfered with by the defendants).

The amorphous allegations in paragraph 19 of the Amended Counterclaims do not plead the existence of a valid business expectancy – rather, they merely outline three broad categories of relationships that may have been affected by the plaintiff's conduct. *See Kwang Dong Pharm.*, 205 F. Supp. 2d at 497 (noting that "vague references" to promising prospective relationships are not sufficient to support an interference claim). Indeed, the defendant has offered no facts whatsoever suggesting that any investment, financing or business relationship referred to in paragraph 19 was "commercially reasonable to expect." *See Wash. Metro. Area Transit Auth. v. Quik Serve Foods, Inc.*, 2006 WL 1147933, at *6 (D.D.C. Apr. 28, 2006) (observing that "[a] valid business expectancy requires a probability of future contractual or

economic relationship and not a mere possibility"). Accordingly, the allegations in paragraph 19 of the defendant's Amended Counterclaims do not plead the existence of a valid business expectancy and cannot form the basis of a claim for interference with a prospective business advantage.

The defendant comes somewhat closer to identifying a valid business expectancy in paragraph 20 of the Amended Counterclaims, in which it alleges that the plaintiff interfered with the relationship between the defendant and "a certain key shareholder" in an improper attempt to gain control of the defendant. Def.'s Am. Countercl. ¶ 20. This allegation, however, is entirely silent with respect to the plaintiff's intent. In a claim for interference with a business advantage, "the requisite intent is met if behavior involves egregious conduct, such as libel, slander, physical coercion, and fraud." *Sheppard*, 59 F. Supp. 2d at 34 (dismissing the plaintiff's claim for interference because the complaint was silent as to the defendant's intent). The defendant offers no allegations regarding the plaintiff's intent beyond the bald asssertion that its interference with the relationship between the defendant and its "key shareholder" was "improper and unlawful," Def.'s Am. Countercl. ¶ 20, and that the plaintiff "acted willfully and maliciously . . . and with the intent to harm [the defendant]," *id*. ¶ 22. These conclusory assertions, utterly devoid of any factual allegations, are insufficient to plead the requisite intent. *See Gov't Relations Inc. v. Howe*, 2007 WL 201264, at *9 (D.D.C. Jan. 24, 2007) (dismissing the plaintiff's intentional interference claims because the "[p]laintiff has not pleaded any facts, but only broad allegations, regarding [the] Defendant's conduct, let alone whether or not such unspecified conduct was egregious"); *see also Twombly*, 550 U.S. at 555 (observing that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do") (internal citations omitted).  Therefore, the court concludes that the allegations on which the defendant relies do not state a claim for interference with a prospective business advantage.  Accordingly, the court grants the plaintiff's motion to dismiss this claim.

### B.  Breach of Fiduciary Duty

### 1.  Legal Standard for Breach of Fiduciary Duty

To state a claim for breach of fiduciary duty under D.C. law, the claimant must allege the existence of a fiduciary duty and a violation of that duty.  *Shapiro, Lifschitz & Schram, P.C. v. Hazard*, 24 F. Supp. 2d 66, 75 (D.D.C. 1998) (citing *Griva v. Davison*, 637 A.2d 830, 846-47 (D.C. 1994)); *Armenian Genocide Museum & Mem'l, Inc. v. Cafesjian Family Found., Inc.*, 595 F. Supp. 2d 110, 116 (D.D.C. 2009).  Furthermore, claimants "must allege facts from which proximate cause and injury may be inferred if they seek compensatory damages."  *Shapiro*, 24 F. Supp. 2d at 75; *Paul v. Judicial Watch, Inc.*, 543 F. Supp. 2d 1, 5-6 (D.D.C. 2008).  Although the mere existence of a contract generally does not give rise to a fiduciary duty, a fiduciary relationship may exist "where circumstances show that the parties extended their relationship beyond the limits of the contractual obligations to a relationship founded upon trust and confidence."  *Paul*, 543 F. Supp. 2d at 6 (citing *Steele v. Isikoff*, 130 F. Supp. 2d 23, 36 (D.D.C. 2000)).

### 2.  The Amended Counterclaims Fail to State a Claim for Breach of Fiduciary Duty

The plaintiff maintains that the defendant has failed to state a claim for breach of fiduciary duty because its allegations in support of this claim are comprised of nothing more than broad, conclusory assertions unsupported by any facts.  Pl.'s Mot. at 10-11.  Furthermore, the plaintiff contends that because the defendant offers no factual allegations suggesting that the

defendant suffered injury as a result of the plaintiff's alleged conduct, its claim for breach of fiduciary duty should be dismissed.[2]  *Id*. at 11-12.  The defendant responds that its allegations provide a short and plain statement of the claim, which is all that Rule 8(a) requires.  Def.'s Opp'n at 2-3.

The defendant's claim for breach of fiduciary duty rests on the following allegations: (1) that in its capacity as a consultant to the defendant, the plaintiff was privy to sensitive, confidential and proprietary information, including financial information, which gave rise to a fiduciary relationship, Def.'s Am. Countercl. ¶ 14; (2) that the plaintiff used that information "as part of scheme to disrupt the operation and ownership of [the defendant], with the objective . . . [of placing] financial pressure on [the defendant] that would force [the defendant] to enter business deals favorable" to individuals aligned with the plaintiff "and/or [to] gain control of [the defendant] for the benefit of [the plaintiff] and its co-conspirators," *id*. ¶ 16; and (3) that the plaintiff's breach of its fiduciary duties to the defendant "caused damages to [the defendant] in the amount of $250,000," *id*. ¶ 16.

But while the defendant alleges that the plaintiff used unspecified confidential information to pressure the defendant to enter into business deals favorable to the plaintiff and its co-conspirators, *id*. ¶ 15, it does not allege that it actually entered into any deals as a result of the pressure exerted by the plaintiff, or indeed that it suffered any injury at all as a result of that pressure.  Similarly, the defendant offers no allegations suggesting that the plaintiff's purportedly improper efforts to gain control of the defendant resulted in any injury to the defendant.  *Id*. ¶¶ 15-17.  Indeed, the defendant's Amended Counterclaims contain no factual allegations whatsoever suggesting that the plaintiff's alleged breach of fiduciary duty proximately caused

---

[2]  The plaintiff does not contend that the defendant has failed to adequately plead the existence of a fiduciary relationship between the plaintiff and the defendant.  Pl.'s Mot. at 5 n.2.

9

any injury to the defendant.[3]  *See generally* Def.'s Am. Countercl.  Accordingly, the defendant has failed to state a claim for breach of fiduciary duty.  *See Shapiro*, 24 F. Supp. 2d at 75.

## IV.  CONCLUSION

For the foregoing reasons, the court grants the plaintiff's motion to dismiss Counts III and IV of the defendant's Amended Counterclaims.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 9th day of June, 2009.

>                                             RICARDO M. URBINA
>                                             United States District Judge

---

[3]  While the defendant notes that it has not yet received the benefit of discovery, Def.'s Opp'n at 1, it fails to explain why it requires discovery to articulate, even in broad terms, the factual basis for the injury it suffered as a result of the plaintiff's breach of fiduciary duty.